UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Residential Funding Company, LLC, a<br>Delaware Limited Liability Company, | Civil File No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Bayrock Mortgage Corporation, a Georgia<br>Corporation, | |
| Defendant. | |

Residential Funding Company, LLC ("RFC"), for its Complaint against Defendant

Bayrock Mortgage Corporation ("Bayrock"), states and alleges as follows:

## PARTIES

1.     Plaintiff RFC is a limited liability company organized under the laws of the State

of Delaware.   RFC's headquarters and principal place of business is located in Hennepin

County, Minnesota.

2.     Upon information and belief, Defendant Bayrock is a corporation under the laws

of the State of Georgia.   Bayrock's principal place of business is located in Georgia.

## JURISDICTION AND VENUE

3.     Plaintiff RFC is a limited liability company with its principal place of business in

Minnesota.   RFC is not a citizen of the State of Georgia.   Defendant Bayrock is a limited

liability company organized under the laws of the Georgia with its principal place of business in

Georgia.  Bayrock is not a citizen of Minnesota.

4.     The parties to this proceeding are diverse as defined by 28 U.S.C. § 1332.

5.    The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

7.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a).

8.    Venue in this Court is also appropriate because, pursuant to the Client Contract between Bayrock and RFC, Bayrock expressly submitted itself to the jurisdiction of any state or federal court within the State of Minnesota.

## FACTUAL BACKGROUND

9.    RFC is engaged, among other things, in the business of purchasing residential mortgage loans.

10.    Bayrock is engaged, among other things, in the business of originating, processing, closing, underwriting and selling residential mortgage loans.

11.    On or about April 21, 1998, RFC entered into a Client Contract with Bayrock, which set forth the terms and conditions for sales to RFC of residential mortgage loans originated by Bayrock. (Ex. A.)

12.    The Client Contract incorporated the terms and conditions of RFC's AlterNet Seller Guide, which was later replaced by RFC's Client Guide. The terms and conditions of RFC's Client Guide applied to the sale of loans from Bayrock to RFC.

13.    In the Client Contract and the Client Guide (collectively, the "Contract"), Bayrock represented and warranted, *inter-alia*, that the loans it sold to RFC were of investment quality, had been prudently originated and had been properly underwritten.

14.     In the Contract, Bayrock also represented and warranted that all loan documents submitted by Bayrock to RFC were complete, accurate, and would remain complete and accurate throughout the term of each purchased loan.

15.     Bayrock also agreed that a violation of the Contract's representations and warranties would constitute an Event of Default. Specifically, Bayrock agreed that an Event of Default included the following:

> The Borrower or any other person or entity involved in the Loan transaction or in its underwriting or documentation (including any appraiser, broker, third-party originator, credit reporting agency, or other provider of underwriting information) has made any false representation and/or has failed to provide information that is true, complete and accurate in connection with such transaction, whether or not the Client [Bayrock] was a party to or had knowledge of such misrepresentation or incorrect information.

16.     Bayrock was contractually obligated to repurchase any loan containing one or more Events of Default. Specifically, "if GMAC/RFC determines that an Event of Default has occurred with respect to a specific Loan, the Client [Bayrock] agrees to repurchase the Loan . . . within thirty days of receiving a repurchase letter or other written notification from GMAC/RFC."

17.     Between May 2007 and January 2008, RFC sent repurchase demand letters to Bayrock demanding repurchase of the residential mortgage loans (the "Loans") at issue in this Complaint pursuant to the terms of the Contract. (Ex. B.) RFC identified reasons for the repurchase demands associated with the Loans including, *inter-alia*, breaches of representations and warranties and Events of Default by Bayrock in the form of income misrepresentation, occupancy misrepresentation, transaction misrepresentation, undisclosed debt, early payment default and non-investment quality loan documentation.

18.     Despite RFC's repurchase demands to Bayrock, Bayrock has refused to repurchase the Loans.

19.     As of March 2008, the repurchase amount due to RFC from Bayrock for the Loans is $1,457,762.49.  (Ex. B.)

### COUNT 1:  BREACH OF CONTRACT

20.     RFC realleges Paragraphs 1 through 19 as if fully set forth herein.

21.     Bayrock has a contractual duty to only sell loans to RFC consistent with the terms and conditions of the Contract.

22.     Bayrock breached the Contract with RFC when it sold the Loans to RFC.

23.     Bayrock has a contractual duty to repurchase the Loans.

24.     Bayrock's refusal to repurchase the Loans constitutes a Breach of Contract.  As a consequence of Bayrock's breach of contract, RFC, as of March 2008, is entitled to contract damages of $1,457,762.49, together with costs, disbursements and attorneys' fees.

### COUNT 2:  INDEMNITY

25.     RFC realleges Paragraphs 1 through 24 as if fully set forth herein.

26.     Under the indemnity provision of the Contract, Bayrock is liable to RFC for RFC's attorneys' fees, costs and disbursements incurred in this action.

**WHEREFORE**, RFC respectfully prays for judgment against Bayrock as follows:

A.      Awarding damages in favor of RFC and against Bayrock in an amount of at least $1,457,762.49, to be established at trial, for RFC's losses arising from breach of contract and/or its duty to indemnify under the Contract;

B.      Awarding attorneys' fees, costs and disbursements payable to RFC by Bayrock as provided by the Contract;

C.      Awarding RFC interest from and through the date of the judgment; and

D.    Awarding such other relief as the Court deems just and equitable.

Dated:  April 11, 2008.          FELHABER, LARSON, FENLON & VOGT, P.A.


By: _____

     Donald G. Heeman, #286023
     Ryan A. Olson, #340935
     220 South Sixth Street, Suite 2200
     Minneapolis, MN  55402-4504
     (612) 339-6321
     ATTORNEYS FOR PLAINTIFF RESIDENTIAL
     FUNDING COMPANY, LLC

## Client Contract

This Client Contract (as may be amended, supplemented or otherwise modified from time to time, this "Contract") is made this ___21st___ day of ___April___, 19_98_, by and between Residential Funding Corporation, its successors and assigns ("Residential Funding"), and ___BayRock Mortgage Corporati___ (the "Customer", and, together with Residential Funding, the "parties" and each, individually, a "party").

WHEREAS, the Customer desires to sell Loans to, and/or service Loans for, Residential Funding, and Residential Funding desires to purchase Loans from, and/or have the Customer service Loans for, Residential Funding, pursuant to the terms of this Contract and the Guides (as that term is defined below).

NOW, THEREFORE, in consideration of the premises, and the terms, conditions and agreements set forth below, the parties agree as follows:

**1. Incorporation of Guides by Reference.**

Residential Funding has approved the Customer to sell Loans to, and/or service Loans for, Residential Funding under the Guide(s) checked below. Each Guide that is checked below (as each may be amended, supplemented or otherwise modified from time to time, together, the "Guides"), is hereby incorporated into this Contract by reference and for all purposes made a part hereof.

The Customer has been approved by Residential Funding to sell Loans to and/or service Loans for Residential Funding, as indicated below, under the following Guide(s):

| STATUS | APPLICABLE GUIDES |
|---|---|
| ☑ Seller Only | ☐ Client Guide |
| ☐ Servicer Only | ☑ AlterNet Seller Guide |
| ☐ Seller and Servicer | ☐ Servicer Guide |

If a box next to a Guide shown above has not been checked, the Customer has not been approved by Residential Funding to sell Loans to, or, as appropriate, service Loans for, Residential Funding, under that Guide(s) at this time; but, Residential Funding may in the exercise of its sole discretion approve the Customer to sell Loans to, or, as appropriate, service Loans for, Residential Funding under that Guide(s) at some time in the future and the Customer will be authorized to do so upon the execution and delivery by both Residential Funding and the Customer of an addendum to this Contract in a form provided to the Customer by Residential Funding containing that approval and incorporating that Guide(s) into this Contract by reference.

The Customer acknowledges that it has received and read the Guides. All provisions of the Guides are incorporated by reference into and made a part of this Contract, and shall be binding upon the parties; *provided, however,* that the Customer shall be entitled to sell Loans to and/or service Loans for Residential Funding only if and for so long as it shall have been authorized to do so by Residential Funding in writing. Specific reference in this Contract to particular provisions of the Guides and not to other provisions does not mean that those provisions of the Guides not specifically cited in this Contract are not applicable. All terms used herein shall have the same meanings as such terms have in the Guides, unless the context clearly requires otherwise.

**2. Amendments.**

This Contract may not be amended or modified orally, and no provision of this Contract may be waived or amended except in writing signed by the party against whom enforcement is sought. Such a written waiver or amendment must expressly reference this Contract. However, by their terms, the Guides may be amended, modified or supplemented by Residential Funding from time to time. Any such amendment(s) to the Guides shall be binding upon the parties hereto.

**3. Representations and Warranties.**

*a. Reciprocal Representations and Warranties.*

The Customer and Residential Funding each represents and warrants to the other that as of the date of this Contract:

(1) Each party is duly organized, validly existing, and in good standing under the laws of its jurisdiction of organization, is qualified, if necessary, to do business and in good standing in each jurisdiction in which it is required to be so qualified, and has the requisite power and authority to enter into this Contract and all other

**Exhibit A**

agreements which are contemplated by this Contract and to carry out its obligations hereunder and under the Guides and under such other agreements.

(2) This Contract has been duly authorized, executed and delivered by each party and constitutes a valid and legally binding agreement of each party enforceable in accordance with its terms.

(3) There is no action proceeding or investigation pending or threatened, and no basis therefor is known to either party, that could affect the validity or prospective validity of this Contract.

(4) Insofar as its capacity to carry out any obligation under this Contract is concerned, neither party is in violation of any charter, articles of incorporation, bylaws, mortgage, indenture, indebtedness, agreement, instrument, judgment, decree, order, statute, rule or regulation and none of the foregoing adversely affects its capacity to fulfill any of its obligations under this Contract. Its execution of, and performance pursuant to, this Contract will not result in a violation of any of the foregoing.

*b. Customer's Representations, Warranties and Covenants.*

In addition to the representations, warranties and covenants made by the Customer pursuant to subparagraph (a) of this paragraph 3, the Customer makes the representations, warranties and covenants set forth in the Guides and agrees to deliver to Residential Funding the certified Resolution of Board of Directors which authorizes the execution and delivery of this Contract.

**4. Remedies of Residential Funding.**

If an Event of Client Default or Event of Servicer Default shall occur, Residential Funding may, at its option, exercise one or more of the remedies set forth in the Guides.

**5. Customer's Status as Independent Contractor.**

At no time shall the Customer represent that it is acting as an agent of Residential Funding. The Customer shall, at all times, act as an independent contractor.

**6. Prior Agreements Superseded.**

This Contract restates, amends and supersedes any and all prior Client Contracts or Servicer Contracts between the parties except that any subservicing agreement executed by the Customer in connection with any loan-security exchange transaction shall not be affected.

**7. Assignment.**

This Contract may not be assigned or transferred, in whole or in part, by the Customer without the prior written consent of Residential Funding. Residential Funding may sell, assign, convey, hypothecate, pledge or in any other way transfer, in whole or in part, without restriction, its rights under this Contract and the Guides with respect to any Commitment or Loan.

**8. Notices.**

All notices, requests, demands or other communications that are to be given under this Contract shall be in writing, addressed to the appropriate parties and sent by telefacsimile, by overnight courier or by first class United States mail, postage prepaid, to the addresses and telefacsimile numbers specified below. However, another name, address and/or telefacsimile number may be substituted by the Customer pursuant to the requirements of this paragraph 8, or by Residential Funding pursuant to an amendment to the Guides.

If to Residential Funding, notices must be sent to the appropriate address or telefacsimile number specified in the Guides.

If to the Customer, notices must be sent to:

BayRock Mortgage Corporation

9 Dunwoody Park, Suite 106

Atlanta, GA   30338

Attention:   William Franks

Telefacsimile Number: (770 ) 399-6900

**9. Jurisdiction and Venue.**

Each of the parties irrevocably submits to the jurisdiction of any state or federal court located in Hennepin County, Minnesota, over any action, suit or proceeding to enforce or defend any right under this Contract or otherwise arising from any loan sale or servicing relationship existing in connection with this Contract, and each of the parties irrevocably agrees that all claims in respect of any such action or proceeding may be heard or determined in such state or federal court. Each of the parties irrevocably waives the defense of an inconvenient forum to the maintenance of any such action or proceeding and any other substantive or procedural rights or remedies it may have with respect to the maintenance of any such action or proceeding in any such forum. Each of the parties agrees that a final judgment in any such action or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment or in any other manner provided by law. Each of the parties further agrees not to institute any legal actions or proceedings against the other party or any director, officer, employee, attorney, agent or property of the other party, arising out of or relating to this Contract in any court other than as hereinabove specified in this paragraph 9.

## 10. Miscellaneous.

This Contract, including all documents incorporated by reference herein, constitutes the entire understanding between the parties hereto and supersedes all other agreements, covenants, representations, warranties, understandings and communications between the parties, whether written or oral, with respect to the transactions contemplated by this Contract. All paragraph headings contained herein are for convenience only and shall not be construed as part of this Contract. Any provision of this Contract that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining portions hereof or affecting the validity or enforceability of such provision in any other jurisdiction, and, to this end, the provisions hereof are severable. This Contract shall be governed by, and construed and enforced in accordance with, applicable federal laws and the laws of the State of Minnesota.

This Contract shall be of no force and effect unless and until it has been executed by both parties.

IN WITNESS WHEREOF, the duly authorized officers of the Customer and Residential Funding have executed this Contract as of the date first above written.

[Corporate Seal]
(if none, so state)

CUSTOMER

BayRock Mortgage Corporation
(Name of Customer)

ATTEST:

By: _____ (Signature)

Name: William Medley (Typed or Printed)

Title: President

By: _____ (Signature)

Name: William B. Franks (Typed or Printed)

Title: Vice-President

ATTEST:

By: _____ (Signature)

Name: Dassia George (Typed or Printed)

Title: _____

RESIDENTIAL FUNDING CORPORATION

By: _____ (Signature)

Name: Brian Woodbury (Typed or Printed)

Title: Director

8257

# Resolution of Board of Directors     GMAC ⇒ RFC

OF    __BayRock Mortgage Corporation__
              (Client Name)

RESOLVED FIRST, that

__William M. Medley__    the     ~~President~~     and
(Name of Officer)                        (title)

__William B. Franks__    the     ~~Vice-President~~     and
(Name of Officer)                        (title)

_____    the     _____     and
(Name of Officer)                        (title)

_____    the     _____     and
(Name of Officer)                        (title)

of this corporation, or any one or more of them or their duly elected or appointed successors in the office, be and each of them is hereby authorized and empowered in the name of and on behalf of this corporation and under its corporate seal, from time to time while these resolutions are in effect to execute any and all agreements, contracts, assignments, endorsement and issuance of checks or drafts, reports, mortgage documents, and other papers in connections with documents, and furnish any information required or deemed necessary or proper by Residential Funding Corporation in connection with any of the foregoing.

## CERTIFICATION

I HEREBY CERTIFY that the foregoing is a true and correct copy of a resolution presented to and adopted by the Board of Directors of __BayRock Mortgage Corporation__ at a meeting duly called and held at __9 Dunwoody Park, Suite 106, Atlanta, GA__ 30338 on the __15__ day of __April__ 19 __98__, at which a quorum was present and voted, and that such resolution is duly recorded in the minute book of this corporation; the officers named in said resolution have been duly elected or appointed to, and are the present incumbents of, the respective offices set after their respective names.

(Corporate Seal)

_(If no corporate seal,_
_please so specify)_

                     _William M. Medley_    President

# RESOLUTION OF BOARD OF DIRECTORS
## OF
# BAYROCK MORTGAGE CORPORATION

WHEREAS, BAYROCK MORTGAGE CORPORATION ("Client") and RESIDENTIAL FUNDING CORPORATION ("GMAC-RFC") previously entered into that certain Client Contract dated April 21, 1998 ("Client Contract");

Client previously delivered to GMAC-RFC a Resolution of Board of Directors dated April 15, 1998 which resolution authorized certain officers of Client to sign documents and take certain other actions related to or arising out of the loan purchase relationship between GMAC-RFC and Client.

WHEREAS, Client desires to add the names of certain authorized signers;

RESOLVED, that in addition to the persons named in the resolution previously delivered in connection with the Client Contract, the following persons named below are duly elected, qualified and acting officers or duly appointed employees of Client, holding on the date hereof the respective titles or positions set forth opposite their respective names, and that their duly elected or appointed successors in office, be and each of them is hereby authorized and empowered in the name of and on behalf of Client and under its corporate seal, from time to time while these resolutions are in effect, to execute any and all agreements, contracts, assignments, endorsements and issuance of checks or drafts, reports, mortgage documents and other papers in connection with the Client Contract, and furnish any information required or deemed necessary or proper by GMAC-RFC in connection with any of the foregoing, and that the respective signatures set forth opposite their names are their true and genuine signatures:

| Name | Title | Signature |
|------|-------|-----------|
| Robert Brown | VP of Strategic Development | |

FURTHER RESOLVED, that these resolutions will remain in full force and effect and GMAC-RFC will be fully protected in acting thereon until written notice of their change or revocation has been duly given to and received by GMAC-RFC, and GMAC-RFC is authorized to accept and the Secretary of Client will from time to time provide, signed Certificates of Secretary setting forth any change of names of officers and other persons authorized to act hereunder on behalf of Client, which Certificates will become a part of these resolutions.

### CERTIFICATION

I HEREBY CERTIFY that the forgoing is a true and correct copy of the resolutions presented to and adopted by the Board of Directors of Bayrock Mortgage Corporation either: (a) by unanimous written action of the Board of Directors of Client, or (b) at a meeting of the Board of Directors of Client at which meeting a quorum was present. I am the keeper of the Minute Book of Client and those resolutions have been entered therein, have not been altered, amended, repealed or rescinded, and are now in full force and effect.

I have duly executed this Certification as of this 30 day of August , 2006.

Secretary

[SEAL]

| BORROWER NAME | RFC LOAN NO. | BAYROCK MORTGAGE LOAN NO. | REPURCHASE PRICE |
|---|---|---|---|
| XXXSCENTINI | XXXX9079 | XXXX05440 | $36,281.04 |
| XXXZ | XXXX4611 | XXXX01274 | $366,536.73 |
| XXXMEZ | XXXX4453 | XXXX12622 | $91,156.41 |
| XXXDEZ XXXRAGAN | XXXX1297 | XXXX01057 | $338,030.86 |
| XXXA | XXXX9485 | XXXX00837 | $109,388.74 |
| XXXCUA | XXXX7447 | XXXX12 | $114,681.97 |
| XXXTER, SR. | XXXX9935 | XXXX01009 | $106,170.00 |
| XXXERTS | XXXX9447 | XXXX02785 | $53,614.46 |
| XXXAS | XXXX1821 | XXXX01084 | $241,902.28 |
| TOTAL | | | $1,457,762.49 |

**Exhibit B**